UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANN MARIE ANGELO,

                          Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                                 19-CV-2552 (RRM)

    -against-

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL SECURITY,[1]

                          Defendant.
----------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

      The Law Offices of Charles E. Binder and Harry J. Binder, LLP ("Binder"), which successfully represented plaintiff Ann Marie Angelo in her Social Security appeal before this Court, now move pursuant to 42 US.C. § 406(b) for an order awarding attorney's fees in the amount of $17,915. This application is premised on the inaccurate representation that the contingent-fee agreement between plaintiff and Binder provided that Binder would receive 25% of past-due benefits if the appeal was successful. In fact, the retainer agreement limits Binder's compensation to fees pursuant to the Equal Access to Justice Act and expressly provides that Binder will not seek fees pursuant to §406(b). Accordingly, this motion is denied.

## BACKGROUND

      On or about February 9, 2016, plaintiff filed an application for Social Security Disability Insurance benefits, alleging that she had been disabled since September 30, 2015. Her claim was initially denied, and plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

---

[1] The complaint in this action named Nancy A. Berryhill, who was then Acting Commissioner of Social Security, as defendant. Federal Rule of Civil Procedure 25(d)(1) provides that "when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending[, … the] officer's successor is automatically substituted as a party." Since Kilolo Kijakazi is now Acting Commissioner, the Court has substituted her as defendant.

Pursuant to this request, a hearing was held before ALJ John T. Molleur, who also found that plaintiff was not disabled. Plaintiff then requested that the Appeals Council review the ALJ's decision. On March 2, 2019, the Appeals Council denied that request, making ALJ Molleur's opinion the Commissioner's "final decision" on plaintiff's claim.

Shortly thereafter, plaintiff retained Binder to represent her in appealing the Commissioner's final decision to this Court. On April 1, 2019, plaintiff signed a document entitled "Retainer Agreement and Assignment" (hereafter, the "Retainer Agreement"), which provided that Binder would represent plaintiff "solely in any appeals through Federal Court upon referral from Sullivan & Kehoe, LLP," and that Sullivan & Kehoe would "resume representation of the claimant following any remand." (Retainer Agreement (Doc. No. 19-3 at 2) at ¶ 1.) The agreement provided for contingent fees, stating that there would be "no fees due" to Binder if the district court denied benefits. (*Id.* at ¶ 4.) But if "the appeal [was] successful, in that the claim [was] remanded for further proceedings or payment of benefits," plaintiff would transfer and assign to Binder "any and all Equal Access to Justice ('EAJA') fees in connection with [the] Social Security case to the law firm in consideration of their services in representing the claimant [in] District Court." (*Id.* at ¶ 2.)

The Retainer Agreement expressly provided that the EAJA fees would be the only compensation Binder would receive. The agreement, which referred to Binder as "the law firm" and to plaintiff as the claimant or Plaintiff, stated

> The law firm will not seek any additional fees that would be payable from the claimant's past due benefits that may be available under 42 U.S.C. § 406(b). The law firm will seek fees exclusively under the EAJA and no other fees will be charged by the law firm for representing Plaintiff in federal court.

(Retainer Agreement at ¶ 3.)

2

On May 1, 2019, Binder commenced this action on behalf of plaintiff. (Doc. No. 1.) On September 30, 2019, defendant served a copy of the administrative record on plaintiff. (9/30/2019 Letter (Doc. No. 9).) About three months later, Binder served plaintiff's motion for judgment on the pleadings on defendant. (1/28/2020 Letter (Doc. No. 13).)

Defendant neither responded to that motion nor served a cross-motion. Rather, on March 17, 2020, defendant signed a stipulation and proposed order, in which the parties agreed to have the Court reverse the Commissioner's final decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) and remand plaintiff's application for disability insurance benefits to the Social Security Administration ("SSA") for further administrative proceedings. (Stipulation (Doc. No. 14-1).) The Court signed the proposed order on March 19, 2020 (Stipulation and Order of Remand to SSA (Doc. No. 15)), and judgment was entered the following day, (Judgment (Doc. No. 16).)

Less than two weeks after judgment was entered, the parties submitted a Stipulation and Proposed Order Regarding Attorney's Fees. In this stipulation, dated April 1, 2020, the parties agreed to award plaintiff $6,800 in attorney's fees in full satisfaction of any and all claims under the EAJA. (Stipulation (Doc. No. 17-1) at 1.) The stipulation further provided that the fees would be paid directly to plaintiff's counsel if plaintiff had agreed to assign the fees to counsel, and if plaintiff owed no debt to the Federal Government that was subject to offset under the U.S. Treasury Offset Program. (*Id.*) Since plaintiff had already assigned her interests in any EAJA fees to Binder, (Retainer Agreement at ¶ 2), and owed no debt to the Government, the $6,800 was paid to Binder sometime after the Court signed the proposed order. (Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees (Doc. No. 19-4) at 3-4.)

After this Court entered judgment remanding this case for further administrative proceedings, the Appeals Council issued an order further remanding the case for another hearing

3

before an ALJ. Following that hearing, ALJ Patrick Kilgannon issued a favorable decision, finding that plaintiff had been disabled since April 21, 2016.

On January 26, 2022, the SSA mailed plaintiff a Notice of Award ("NOA"), informing her that she was to receive past-due benefits for the period from October 2016 – five full calendar months after plaintiff became disabled – through January 2022. (NOA (Doc. No. 19-3 at 6) at 1-2.) The NOA listed benefits amounts for each of the 64 months between October 2016 and January 2022. (*Id.*) Although it did not contain a calculation of the past-due benefits, it stated that the SSA usually withholds 25% of past-due benefits in order to pay attorney's fees and was withholding $17,915 in this case. (*Id.* at 3.)

The Instant Motion

On February 8, 2022, Binder filed the instant motion, seeking an award of $17,915 pursuant to 42 U.S.C. § 406(b). In support of the motion, Binder has submitted a memorandum of law (the "Memo") and an affirmation signed by one of the law firm's named partners, Charles E. Binder (the "Binder Affirmation"). The affirmation attaches three exhibits, including the Retainer Agreement.

Both the Binder Affirmation and the Memo allege that the Retainer Agreement contains provisions that it simply does not. The Binder Affirmation claims that the agreement "provides that if the claimant's case is remanded by the United States District Court to the Social Security Administration, and, upon remand, the claimant is awarded past due benefits by the Appeals Council and/or an Administrative Law Judge, the claimant will pay the undersigned up to twenty-five percent (25%) of any award of past due benefits, upon approval of a request for fees by the District Court and/or Social Security Administration." Binder Aff. (Doc. No. 19-2) at ¶

4

2.) And the Memo asserts that the Retainer Agreement, like "most contingency agreements in Social Security claims[,] set the contingency rate at 25 percent." (Memo at 1-2.)

Defendant did not immediately respond to plaintiff's motion. According to Binder, defendant's counsel contacted the law firm on February 16, 2022, noting that the Retainer Agreement specifically provided that Binder "would not seek any fees under 42 U.S.C. § 406(b)." (3/4/2022 Letter (Doc. No. 21) at 1.) That same day, defendant filed a letter requesting a two-week extension to file her response. (2/16/2022 Letter (Doc. No. 20).) That letter did not address the problem with plaintiff's submission, but simply noted that plaintiff's counsel was "attempting to update his motion due to a discrepancy found in his papers and to provide this office with a response." (*Id.* at 1.)

On March 4, 2022, Binder wrote the Court a letter (the "Supplemental Submission"), suggesting that the Retainer Agreement had been amended or superseded. The letter explained that at the time the Retainer Agreement was signed, plaintiff "intended to use other counsel during agency proceedings." (*Id.*) The lawyers agreed that other counsel "would only seek fees under 42 U.S.C. § 406(a) while [Binder] would retain any fees awarded under the [EAJA]." (*Id.*)

Thereafter, plaintiff replaced the other counsel with Binder. According to the Supplemental Submission, plaintiff signed "a new fee agreement … on March 11, 2020, providing that she would pay [Binder] up to 25% of any past due benefits for representation." (*Id.*) Binder implies that this new agreement and the "up to 25%" fee related to Binder's representation of plaintiff before this Court and states that Binder is "entitled up to 25% of any past due benefits" under 42 U.S.C. § 406(b). (*Id.*)

In addition, the Supplemental Submission states that plaintiff has "signed a letter dated February 16, 2022, indicating that she feels the requested fee in this case is reasonable even now

5

knowing exactly how much 25% of her past due benefits is." (*Id.*) Binder then cites two cases – *Kazanjian v. Astrue*, No. 09-CV-3678, 2011 WL 2847439 at *3 (E.D.N.Y. July 15, 2011), and *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1038 (N.D.Cal. 2003) – for the proposition that this letter "provides an additional ground for approving the requested fee." (Supplemental Submission at 1-2.)

Binder has attached both the March 11, 2020, fee agreement (the "Second Retainer") and plaintiff's February 16, 2022, letter as exhibits to the Supplemental Submission. The former, entitled "Retainer for Representation Before the Social Security Administration," expressly states that plaintiff is retaining Binder to represent her before the SSA. (Second Retainer (Doc. No. 21-1) at ¶ 1.) Like the Retainer Agreement, the Second Retainer is a contingent-fee agreement, providing that if Binder does not "win a fully or partially favorable decision, there will be no fees charged" by Binder for representing her. (*Id.* at ¶ 20.) The agreement provides that Binder will seeks fees if obtains a favorable decision, but states: "All requests for fees will be submitted to the SSA for approval." (*Id.* at ¶ 5.)

The Second Retainer contains a detailed discussion of the fee requests that may be submitted by Binder. The agreement first notes that the SSA "permits a two-tier method of receiving fees for representation." (*Id.* at ¶ 3.)[2] It states that if Binder wins "at the initial stage, the reconsideration stage, or an initial hearing, [the] fee agreement will be submitted for approval to the Social Security Administration." (*Id.*) Under that circumstance, the fee will be the lesser of 25% of past-due benefits or "the maximum amount set by the Commissioner, pursuant to 42

---

[2] The SSA provides two methods for attorneys to seek fees for representing claimants before the agency: "fee agreements made between the attorneys and their clients, and fee petitions." *Marasco & Nesselbush, LLP v. Collins*, 6 F.4th 150, 159 (1st Cir. 2021).

6

U.S.C. §406(a)(2)(A)" – then $6,000. (*Id.*)[3] However, if the claim "proceeds beyond the initial administrative hearing decision" and an unfavorable or partially favorable decision is appealed to the Appeals Council, "the fee petition system will be used." (*Id.* at ¶ 4.) Under that circumstance, "the fees charged by [Binder] will be twenty-five percent of all past-due benefits." (*Id.*)

The second exhibit attached to the Supplemental Submission is a one-page, word-processed letter dated February 16, 2022, signed by plaintiff. That letter bears the caption of this case, including the docket number, and begins: "I am the plaintiff in the above-captioned case and I have been asked by my lawyer to address you concerning his proposal for fees." (Letter to Judge from Annmarie [*sic*] Angelo (Doc. No. 21-2).) It then alleges that plaintiff "signed an agreement that stated if my claim was successful, their fee for services rendered before the Social Security Administration would be 25% of all past due benefits awarded in my case." (*Id.*) The letter states that plaintiff "thought a 25% contingency fee was reasonable" when she signed the agreement, and still believes it to be reasonable. (*Id.*)

Tacitly acknowledging that the Second Retainer requires Binder to address fee petition to the SSA, the letter further states: "In lieu of requesting approval of a fee for services rendered before the Social Security Administration, I now agree that Mr. Binder be awarded this amount for services rendered in federal court …." (*Id.*) The letter concludes by stating that plaintiff is "completely satisfied" with Binder's work and the results achieved and is requesting that the Court award Binder the "requested fee of $17,915." (*Id.*) The letter bears the inked signature of plaintiff. However, while the document is signed "Ann Marie Angelo" – the name which

---

[3] Pursuant to §406(a)(2)(A), which provides that the "Commissioner of Social Security may from time to time increase the dollar amount" that can be paid to representatives in administrative proceedings, the Commissioner increased the maximum fee to $7,200 effective November 30, 2022. "Maximum Dollar Limit in the Fee Agreement Process," 87 Fed. Reg. 39157-01 (June 30, 2022).

plaintiff has used throughout this litigation – the typewritten named below the signature reads "Annmarie Angelo." (*Id.*)

After Binder filed the Supplemental Submission, defendant's counsel filed a three-page response to the instant motion (the "Response"). That document acknowledges that the "Commissioner has no direct financial stake in Section 406(b) matters," and only "plays a part in the fee determination 'resembling that of a trustee for the claimants.'" Response at 1 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). However, the Response does not discuss the discrepancies in plaintiff's initial submission or allegations in the Supplemental Submission. Indeed, the Response largely discusses the law relating to § 406(b) fee applications, and barely mentions the facts relating to plaintiff's case. Although it states that defendant "finds no reason to object based on timeliness," (*id.* at 2), and "is unaware of any evidence of fraud or overreaching in the making of the agreement," (*id.* at 3), the Response takes no position regarding the reasonableness of the requested fees. Rather, it merely "requests that the Court determine the reasonableness of the $17,915.00 Section 406(b) fee request." (*Id.* at 3.)

## STANDARD OF REVIEW

The Social Security Act "allows courts to grant reasonable attorney's fees for successful representation in Social Security actions." *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022). Specifically, the Act provides:

> Whenever a court renders a judgment favorable to a claimant …
> who was represented before the court by an attorney, the court may
> determine and allow as part of its judgment a reasonable fee for
> such representation, not in excess of 25 percent of the total of the
> past-due benefits to which the claimant is entitled by reason of
> such judgment ….

8

42 U.S.C. § 406(b)(1)(A).  The Supreme Court has concluded that "Congress … designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel."  *Gisbrecht*, 535 U.S. at 793.

"Section 406(b) does not prohibit contingent fee agreements."  *Wells v. Sullivan*, 907 F.2d 367, 369 (2d Cir. 1990).  Although the statute itself "gives no guidance as to how a court should treat [contingency fees] in determining a 'reasonable fee,'" *Fields*, 24 F.4th at 852 (quoting *Wells*, 907 F.2d at 369), the Second Circuit and the Supreme Court have "set out guidelines for courts conducting this reasonableness analysis."  *Id.* at 849.  Under these guidelines, courts "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness."  *Gisbrecht*, 535 U.S. at 808; *see Wells*, 907 F.2d at 371.  "[B]ecause a successful social security claimant evaluates and pays his own attorney, … the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations."  *Wells*, 907 F.2d at 371.

## DISCUSSION

In Social Security appeals, attorneys and clients "characteristically" enter into contingency-fee agreements "specifying that the fee will be 25 percent of any past-due benefits to which the claimant becomes entitled."  *Gisbrecht*, 535 U.S. at 803.  In preparing the instant motion, Binder assumed that the Retainer Agreement, like "most contingency agreements in Social Security claims[,] set the contingency rate at 25 percent."  (Memo at 1-2.)  That assumption was inaccurate.  The Retainer Agreement expressly provided that Binder would "seek fees exclusively under the EAJA," and would not charge any other fees for representing plaintiff in Federal Court.  (Retainer Agreement at ¶3.)  The agreement specifically stated that

9

Binder would "not seek any additional fees that would be payable from the claimant's past due benefits that may be available under 42 U.S.C. §406(b)." (*Id.*)

When defendant's counsel pointed out the discrepancy between the representations contained in the motion papers and the provisions of the Retainer Agreement, Binder did not withdraw the motion or make any effort to rectify the inaccuracies. Instead, Binder filed a Supplemental Submission which stated that plaintiff and Binder had signed "a new fee agreement" that provided that plaintiff "would pay [Binder] up to 25% of any past due benefits for representation." (Supplemental Submission at 1.) This statement created the impression, perhaps inadvertently, that the new agreement related to representation before this Court and, therefore, superseded or amended the Retainer Agreement.

In fact, the Retainer Agreement was never superseded or amended. The Second Retainer, by its terms, related solely to Binder's representation of plaintiff before the SSA on remand, not to services rendered before this Court. Furthermore, it did not provide that plaintiff would pay "up to 25% of any past due benefits for representation." Rather, it provided that if Binder were to win a partial or fully favorable decision at the initial hearing, as eventually happened in this case, Binder would submit the fee agreement for approval to the SSA and would seek the lesser of 25% of past-due benefits or "the maximum amount set by the Commissioner, pursuant to 42 U.S.C. §406(a)(2)(A)" – then $6,000. (Second Retainer at ¶ 3.)

To be sure, the Second Retainer provided that if the case proceeded beyond the initial administrative hearing decision to the Appeals Council, Binder would file a fee petition with the SSA seeking 25% of past-due benefits. (*Id.*) However, by March 2022, when the Supplemental Submission was filed, Binder knew that plaintiff had obtained a favorable decision at the initial hearing and that this provision was inapplicable. Moreover, since the NOA stated that 25% of

10

past-due benefits was $17,915, Binder knew or should have known that the most Binder could recover under the terms of the Second Retainer was "the maximum amount set by the Commissioner, pursuant to 42 U.S.C. §406(a)(2)(A)" – then $6,000. Binder also knew, under the express terms of the Second Retainer and the terms of 42 U.S.C. §406(a), that any fee request pursuant to Second Retainer would have to be made to the SSA, not this Court.

Plaintiff's request that the Court approve Binder's fee request appears to be based on two misconceptions regarding the Second Retainer.[4] First, plaintiff's February 16, 2022, letter asserts that the agreement provided that if her "claim was successful," Binder's "fee for services rendered before the Social Security Administration would be 25% of all past due benefits awarded" in her case. (2/16/2022 Letter.) Second, it assumes that "[i]n lieu of requesting approval of a fee for services rendered before the Social Security Administration," plaintiff can ask this Court to award Binder 25% of the past-due benefits for services rendered in federal court.

As noted above, plaintiff never agreed to pay Binder 25% of past-due benefits if it proved "successful" before the SSA. Indeed, since Binder was successful at the initial hearing, the most the first could recover under the terms of the Second Retainer was "the maximum amount set by the Commissioner, pursuant to 42 U.S.C. §406(a)(2)(A)" – then $6,000. And since the Second Retainer related only to representation before the SSA, the request for fees under that agreement would have to be "submitted to the SSA for approval." (Second Retainer at ¶ 5.) The instant motion is made pursuant to 42 U.S.C. §406(b), and "§ 406(b) fees compensate counsel for court-related work," not work before the SSA. *Fields*, 24 F.4th at 855.

---

[4] The Court suspects that the February 16, 2022, letter was drafted by counsel, not plaintiff herself. It incorporates phrases, like "above-captioned case," that attorneys customarily use and appears to misspell plaintiff's own name. The typewritten name below the signature line is "Annmarie," even though plaintiff signs her name "AnnMarie" and has been referred to as "Ann Marie" throughout this litigation.

11

Although plaintiff consents to have the Court award Binder the $17,915 that is currently being withheld from her past-due benefits, the Court cannot honor that request because it is premised on these factual misperceptions.  Courts have recognized that a claimant, "having entered into a contingent fee arrangement for services culminating in a result in his or her favor, … is unlikely to challenge the attorney's fee requested, as long as it is in accord with such agreement."  *Garland v. Astrue*, 492 F. Supp. 2d 216, 222 (E.D.N.Y. 2007) (quoting *Taylor v. Heckler*, 608 F.Supp. 1255, 1258 (D.N.J. 1985)).  Here, plaintiff mistakenly credits Binder's claim that is entitled to 25% of all past-due benefits under the terms of their agreement.  "There is no reason to expect an individual unschooled in the law to recognize" that her attorney's claim is inaccurate.  *See Garland*, 492 F. Supp. 2d at 222.  This Court very much doubts that plaintiff would still be urging the Court to award Binder the $17,915 if she were aware that the Retainer Agreement limited Binder's compensation for services before this Court to the EAJA fees and if she were aware that Binder was entitled to no more than $6,000 under the terms of the Second Retainer.

Moreover, even if knowing these facts would not have changed plaintiff's position, the Court could not award Binder the $17,915.  There are certainly cases, such as those cited in the Supplemental Submission, in which Courts have considered a claimant's affidavit expressing satisfaction with his or her counsel and supporting counsel's request for 25% of past-due benefits.  *See Kazanjian v. Astrue*, No. 09-CV-3678 (BMC), 2011 WL 2847439, at *3 (E.D.N.Y. July 15, 2011); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1038 (N.D. Cal. 2003).  However, in those cases, there was a contingent-fee agreement that provided for the 25% fee and the only question was whether awarding the full 25% would give a windfall to counsel.  In this case, the applicable contingent-fee agreement not only does not provide for such a fee, but specifically

states that counsel will not seek any fee whatsoever pursuant to 42 U.S.C. §406(b). It would not be reasonable to disregard this agreement and award Binder §406(b) fees under these circumstances.

## CONCLUSION

For the reasons set forth above, Binder's motion for fees pursuant to 42 U.S.C. §406(b) is denied. Unless Binder has separately applied to the SSA for attorney's fees pursuant to 42 U.S.C. §406(a), the Commissioner shall pay the $17,915 in withheld past-due benefits to plaintiff. The Clerk of Court is respectfully directed to mail a copy of this decision to plaintiff at her last-known address.

SO ORDERED.

Dated: Brooklyn, New York
       March 30, 2023

/s/ *Roslynn R. Mauskopf*
ROSLYNN R. MAUSKOPF
United States District Judge